**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **FAIR HOUSING OPPORTUNITIES** | : | |
| **OF NORTHWEST OHIO, INC., DBA** | | |
| **THE FAIR HOUSING CENTER** | : | |
| **326 N. ERIE STREET** | | **Case No:** |
| **TOLEDO, OHIO 43604** | : | **Judge:** |
| | | |
| **and** | : | |
| | | |
| **LISA FRAZIER** | : | |
| **2210 STIRRUP LANE, APT K4** | | |
| **TOLEDO, OHIO 43613** | : | |
| | | |
| **Plaintiffs,** | : | |
| | | |
| **v.** | : | |
| | | |
| **BEAL PROPERTIES, LLC** | : | |
| **C/O STEWART BEAL, CEO** | | |
| **2800 W. CENTRAL AVE, SUITE A** | | |
| **TOLEDO, OHIO 43606** | : | |
| | | |
| **and** | : | |
| | | **COMPLAINT** |
| **TETHERWOOD PLACE, LLC** | : | **JURY TRIAL DEMANDED** |
| **C/O KEVIN SAUNDERS** | | |
| **200 PUBLIC SQUARE SUITE 3270** | : | |
| **CLEVELAND, OH 44114** | | |
| | : | |
| **Defendants.** | | |

---

## COMPLAINT

Now come Plaintiffs, Fair Housing Opportunities of Northwest Ohio, Inc. DBA The Fair

Housing Center or Toledo Fair Housing Center ("Plaintiff" or "The Fair Housing Center" or

"FHC"), and Lisa Frazier ("Plaintiff" or "Ms. Frazier"), (collectively referred to as "Plaintiffs"), by

and through counsel, and hereby state for their Complaint the following:

1

## INTRODUCTION

1. Plaintiffs bring this action for declaratory, injunctive, and monetary relief against Beal Properties, LLC, and Tetherwood Place, LLC, collectively ("Defendants"), for discrimination on the basis of disability in violation of the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, the federal Fair Housing Amendments Act of 1988 ("FHAA"), and the fair housing laws of the state of Ohio, Ohio Rev. Code § 4112.02, *et seq.*, (collectively the "Fair Housing Laws").

2. The Ohio Civil Rights Commission determined that it was probable that Defendants engaged in an unlawful discriminatory practice on the basis of disability in violation of Chapter 4112 of the Ohio Revised Code.

3. Defendants denied Ms. Frazier's reasonable accommodation request and subjected Ms. Frazier to different rental terms and conditions than residents without a disability.

4. Such violations of the Fair Housing Laws include failure to remove, remediate, and redress air quality issues and odors which exacerbated Ms. Frazier's breathing impairments; failure to amend their lease break policy to reasonably accommodate Ms. Frazier after Defendant failed to remove or remediate the air quality issues; failure to engage in an interactive process which could have included transferring Ms. Frazier to a new unit or waiving fees/penalties; and failure to offer any legitimate, non-discriminatory reason for failing to grant the accommodation or justification on why the request was unreasonable.

5. Defendants do not have uniform policies for addressing reasonable accommodation requests and therefore often subject residents to differential treatment when requesting reasonable accommodations.

6.  Defendants subjected Ms. Frazier to differential treatment in that she could not use and enjoy her dwelling in the same way as a non-disabled resident, because Defendants failed to remove and remediate air quality issues and odors which exacerbated Ms. Frazier's breathing impairments.

7.  Defendants' actions and policies violate the Fair Housing Laws and their rental practices have harsh consequences for persons with disabilities who are routinely denied the full use and enjoyment of their homes.

8.  Defendants' actions and policies undermined Ms. Frazier's independence, health, and safety.

9.  Defendants' actions, policies, and practices, as described herein, violate the federal fair housing laws, 42 U.S.C. 3601, *et seq*.; and the Ohio Fair Housing Law found at Ohio Rev. Code §4112.02(H), *et seq.*

## PARTIES

10. Plaintiff, Fair Housing Opportunities of Northwest Ohio, Inc. DBA The Fair Housing Center, is a private, non-profit corporation, organized under the laws of the State of Ohio. The Fair Housing Center's mission is to be a nonprofit civil rights agency that promotes housing choice, the creation of inclusive communities of opportunity, and the protection and expansion of fair housing rights to support strong communities free from housing discrimination.

11. Plaintiff, The Fair Housing Center, routinely advocates on behalf of clients when housing providers violate the Fair Housing Laws; provides training and education to housing providers to avoid discrimination; and conducts investigations, including testing, to ensure civil rights law are being followed in housing accommodations, services, and transactions.

12. Plaintiff, Lisa Frazier, is a resident of Toledo, Ohio and formerly resided at Defendants' apartment complex. Ms. Frazier is protected from discrimination on the basis of disability as she has a breathing impairment.

13. Defendant, Beal Properties, LLC, is a large real estate and property management company doing business in Ohio and Michigan. Defendant, Beal Properties, LLC manages 497 properties in 64 cities. Beal Properties is incorporated in the State of Michigan and has a physical office in Toledo, Ohio. Defendant Beal Properties, LLC manages Tetherwood Place Apartments in Toledo, Ohio.

14. Defendant, Tetherwood Place, LLC, owns and operates Tetherwood Place Apartments in Toledo, Ohio, which is located at 5816 Tetherwood Drive.

15. In acting or omitting to act as alleged herein, each Defendant was acting through its employees, officers, and/or agents and is liable on the basis of the acts and omissions of its employees, officers, and/or agents.

16. In acting or omitting to act as alleged herein, each employee, officer, or agent of each Defendant was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent were subsequently ratified and adopted by one or more Defendants as principal.

**JURISDICTION AND VENUE**

17. Jurisdiction is appropriate in that this civil action is brought under the federal Fair Housing Act ("FHA") and federal Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601, *et seq.*

18. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the complaint raises federal questions under the FHA and FHAA. Additionally, this Court has

supplemental jurisdiction over related state law claims, Ohio Rev. Code § 4112, *et seq*. (the "Ohio Fair Housing Act"), et seq. under 28 U.S.C. § 1367.

19. Defendants are subject to the jurisdiction of this Court as they are "Persons" under the FHA and Ohio Fair Housing Act, and the acts described herein occurred in Toledo, Ohio.

20. Additionally, Defendants are subject to the jurisdiction of the Court as they conduct business across Ohio, including but not limited to: owning property, managing property, leasing property, and performing contractual obligations in Ohio.

21. Venue is proper in that Defendant's discriminatory acts occurred in Toledo, Lucas County, Ohio.

22. Wherefore, Plaintiff respectfully request that this Court take jurisdiction of this Complaint and award such relief as is appropriate under the federal and state fair housing laws.

**FACTS**

23. Plaintiffs reincorporate and reallege each and every allegation contained in Paragraphs 1 through 22 as if fully restated herein.

24. Plaintiff, Ms. Frazier, entered into a one-year lease agreement with Defendants on December 17, 2020, which ran from December 21, 2020 through December 25, 2021.

25. Ms. Frazier moved into Tetherwood Place Apartments shortly after entering into her lease with Defendants.

26. Upon moving into the unit, Ms. Frazier identified air quality issues and a foul odor that smelled like sewage coming from her unit.

27. Ms. Frazier brought this to the attention of the Defendants shortly after moving into her unit.

28. Defendants initially agreed to clean Ms. Frazier's unit and remove the odor and air quality issues.

29. However, Defendants never took any meaningful action to fix the issues in Ms. Frazier's apartment.

30. Instead of removing, remediating, and redressing the air quality and foul odor issues, Defendants provided air fresheners which did nothing to fix the ongoing issues in the unit.

31. Ms. Frazier routinely communicated with Defendants in an effort to obtain a reasonable accommodation.

32. In July of 2021, Ms. Frazier emailed a property manager for Defendants and requested to be released from her lease early as a reasonable accommodation.

33. Ms. Frazier provided medical documentation from her health provider on the need for this accommodation, attached as Exhibit 1.

34. Defendants responded that they have a policy of not letting tenants out of their leases early regardless of their disability status.

35. Defendants offered Ms. Frazier the option to sublease her unit and pay a fee/penalty to move.

36. Ms. Frazier again contacted Defendants and notified them that she could not live in the unit due to medical reasons and the air quality issues that Defendants had failed to remove, remediate, and redress during her tenancy.

37. In July of 2021, Defendants reiterated to Ms. Frazier that they would not alter or amend their lease break policy.

38. Defendants requested that Ms. Frazier add her existing service issues into their maintenance portal.

39. Shortly thereafter, Ms. Frazier entered a maintenance request based on the ongoing air quality and foul odor issues.

40. In July of 2021, Defendants' maintenance technician left "damps" in Ms. Frazier's unit.

41. Later, Defendants' maintenance technician followed up and noted that there was "no change at all" to the air quality and odor issues.

42. The maintenance technician subsequently treated the carpet with deodorizer and noted no change once again.

43. Ms. Frazier continued to notify Defendants of the ongoing air quality and odor issues in her unit and requested another reasonable accommodation, which was to be let out of her lease.

44. Ms. Frazier notified Defendants that she was moving out due to the ongoing medical issues caused by the air quality issues in her unit.

45. On August 3, 2022, Defendants property manager denied Ms. Frazier's reasonable accommodation request by reiterating that Ms. Frazier could not break her lease without incurring a fee/penalty.

46. In August of 2021, Ms. Frazier reached out to Plaintiff, The Fair Housing Center, for assistance.

47. Plaintiff, The Fair Housing Center, made another reasonable accommodation request to Defendant, asking that Ms. Frazier be permitted to break her lease without penalty, yet this request for reasonable accommodation was again denied in or around September of 2021.

48. During the term of her lease, Ms. Frazier was constructively evicted as she was forced to move out of her apartment due to the ongoing medical issues caused by the air quality issues in her unit.

7

49. After being contacted by Ms. Frazier, Plaintiff, The Fair Housing Center, conducted a preliminary investigation and determined that Ms. Frazier's fair housing rights had been violated by Defendants.

50. On October 2, 2021, Ms. Frazier filed an administrative complaint with the Ohio Civil Rights Commission (the "Commission").

51. Plaintiff, The Fair Housing Center, also filed an administrative complaint with the Commission.

52. The Commission completed a thorough investigation of Defendants' actions and housing policies, practices, and services related to this Complaint.

53. The Commission found that Defendants do not have any written policies or procedures for receiving or processing disability accommodation requests.

54. The Commission further found that Defendants failed to explore or modify their current policy of not allowing residents to terminate their leases early.

55. The Commission further found that Defendants failed to engage in an interactive process as required by the Fair Housing Laws.

56. The Commission further found that Defendants ignored, or failed to realize, that Ms. Frazier's requests for accommodation were reasonable despite Plaintiffs providing medical documentation on more than one occasion.

57. The Commission further found that Defendants did not show that the requested accommodation for an apartment without air quality and odor issues was unreasonable, or that hardship would have resulted if they granted a reasonable accommodation to Ms. Frazier.

58. On July 21, 2022, the Commission issued two separate investigative reports, attached as Exhibit 2, finding that it is probable that Defendants engaged in unlawful discriminatory practices in violation of the Ohio Fair Housing Act, found at Ohio Rev. Code. § 4112.02(H).

**INJURY TO PLAINTIFFS**

59. Plaintiffs requested a reasonable accommodation to Defendants' maintenance and lease break policies on multiple occasions.

60. Ms. Frazier suffers from breathing impairments which constitute a disability under the Fair Housing Laws.

61. In sum, Ms. Frazier could not provide maintenance or remedy the air quality and odor issues because such issues exacerbated her breathing impairment.

62. Defendants denied the requested accommodations, and as a result Ms. Frazier was required to live with air quality issues for over nine months and was still required to pay rent, even after being constructively evicted due to the aforementioned issues with her unit.

63. Ms. Frazier was subjected to differential treatment in the terms, conditions, privileges, and services in renting a unit compared to non-disabled residents who did not have their breathing impacted by simply residing in their home.

64. As a direct, proximate, and foreseeable result of Defendants' discriminatory conduct as described herein, Ms. Frazier has suffered and continues to suffer substantial harm and injury.

65. As a direct, proximate, and foreseeable result of Defendants' actions as described herein, Plaintiff, The Fair Housing Center, has suffered, continues to suffer, and will in the future suffer substantial, particularized, and concrete injuries.

66. Defendants' unlawful actions, conduct, policies, and practices have frustrated and impaired The Fair Housing Center's mission and purpose, forced them to drain their limited and scarce resources, and interfered with their ability to operate.

67. Defendants' conduct frustrated The Fair Housing Center's mission by interfering with their mission-related activities, impairing their ability to achieve their goals of ensuring equal and fair access to housing opportunities, and harming their community.

68. Defendants' discriminatory conduct has forced and required Plaintiffs to engage in numerous activities to identify and counteract the Defendants' unlawful conduct, policies, and practices, in order to protect residents from unlawful housing discrimination.

69. Plaintiff, The Fair Housing Center, has conducted extensive investigations of disability-related issues at Defendants' properties, in addition to advocacy and outreach efforts to address those issues.

70. Those actions have included research, site visits, education and outreach, extensive discussions and negotiation, advocacy before the Ohio Civil Rights Commission, and helping Ms. Frazier find safe and affordable housing, in an effort to resolve and ameliorate the discriminatory housing actions, policies, practices, and services of Defendants.

71. The Fair Housing Center's diversion of time and resources to address Defendants' discriminatory conduct has forced the FHC to suspend other projects that would have helped to further its mission, including multiple training sessions, investigation of other housing providers, missed speaking engagements, delaying its Analysis of Impediments to Fair Housing Study in Lucas County, Ohio, and other testing-related activity.

72. The Fair Housing Center will continue to divert its scarce resources and have its mission frustrated until Defendants' discriminatory conduct ceases and the harms caused by Defendants on residents and prospective residents are remedied and resolved.

73. Ms. Frazier has incurred actual economic and non-economic damages because of Defendants' discriminatory conduct of denying her reasonable accommodation requests and subjecting her to different terms, conditions, privileges, and services in renting her unit compared to non-disabled residents.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR HOUSING ACT OF 1968, as amended

## 42 U.S.C. § 3601, *et seq.*

74. Plaintiffs reincorporate and reallege each and every allegation contained in Paragraphs 1 through 73 as if fully restated herein.

75. Defendants' conduct as described in this Complaint constitutes a refusal to make reasonable accommodations in rules, policies, practices, or services when such an accommodation may be necessary to afford a person with a disability an opportunity to use and enjoy a dwelling in violation of 42 U.S.C §§ 3604(f)(1); 3604(f)(2); and 3604(f)(3)(B).

76. Defendants' conduct as described in this Complaint constitutes discrimination against the Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the disability of a person residing in or intending to reside in a dwelling, including through the refusal to make reasonable accommodations, in violation of 42 U.S.C. §§ 3604(f)(1); 3604(f)(2); and 3604(f)(3)(B).

77. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiffs have suffered damages and are aggrieved persons, as defined in 42 U.S.C. § 3602(i).

78. There are no valid or legitimate reasons for denying Plaintiffs' reasonable accommodation requests.

79. Any such reason proffered is pretext for discrimination.

80. Defendants made housing unavailable to Ms. Frazier by failing to remove, remediate, and redress the air quality and odor issues in her unit.

81. Defendants frustrated the mission of The Fair Housing Center and forced them to divert their scarce and limited resources to remedy the discriminatory conduct of Defendants as referenced in this Complaint.

82. Wherefore, Plaintiffs request damages in excess of $25,000.00, plus costs and reasonable attorney fees, in an amount to be determined at trial.

## COUNT II: VIOLATION OF THE OHIO CIVIL RIGHTS ACT

## OHIO REV. CODE § 4112.02(H), *et seq.*

83. Plaintiffs reincorporate and reallege each and every allegation contained in Paragraphs 1 through 82 as if fully restated herein.

84. Defendants' conduct as described in this Complaint constitutes a refusal to make reasonable accommodations in rules, policies, practices or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of Ohio Rev. Code §§ 4112.02(H)(15) and 4112.02(H)(19).

85. Defendants' conduct as described in this Complaint constitutes an unlawful refusal to rent, denial or withholding of a housing accommodation because of disability in violation of Ohio Rev. Code § 4112.02(H)(1) and (H)(4).

86. Defendants' conduct as described in this Complaint constitutes unlawful discrimination in the terms or conditions of transferring, assigning, renting, leasing, or subleasing a unit; or in the furnishing of facilities, services, or privileges, in connection with the occupancy or

12

use of the premises on the basis of disability in violation of Ohio Rev. Code §§ 4112.02(H)(4) and 4112.02(H)(16).

87. As a direct, proximate, and foreseeable result of Defendants' discriminatory conduct, Plaintiffs have suffered damages and are aggrieved persons, as defined in Ohio Rev. Code § 4112.051.

88. There are no valid or legitimate reasons for denying Plaintiffs' reasonable accommodation requests.

89. Any such reason proffered is pretext for discrimination.

90. Defendants made housing unavailable to Plaintiffs by failing to remove, remediate, and redress the air quality and odor issues in the unit.

91. Defendants frustrated the mission of The Fair Housing Center and forced them to divert their scarce and limited resources to remedy the discriminatory conduct of Defendants as referenced in this Complaint.

92. Wherefore, Plaintiff requests damages in excess of $25,000.00, plus costs and reasonable attorney fees, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, due to Defendants' discriminatory conduct as described herein, Plaintiffs respectfully request that this Court grant judgment in their favor, and against Defendants, as follows:

A. Declaring that Defendants' actions violate the federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.,* and Ohio Rev. Code § 4112.02, *et seq.;*

B. Permanently enjoining Defendants from engaging in the conduct described herein and directing Defendants to take all affirmative steps necessary to remedy the effects of the

conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future;

C.  Awarding all compensatory damages, economic and non-economic, to Plaintiffs in an amount to be determined by a jury that would fully compensate Plaintiffs for the injuries caused by the conduct of Defendants alleged herein;

D.  Awarding punitive damages to Plaintiffs in an amount to be determined by a jury that would punish Defendants for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

E.  Awarding reasonable attorneys' fees and costs as permitted by the Fair Housing Laws; and

F.  Awarding such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable as of right.

## CERTIFICATE OF SERVICE

I hereby certify that service of the Summons and Complaint is being made upon Defendants as required by the Federal Rules of Civil Procedure, via certified mail return receipt requested, or another form of proper service at the addresses listed in the caption of this Complaint.

Respectfully submitted,

*/s/ C. Jacob Davis*

_____
C. Jacob Davis (#0101745)
Nalls Davis | Attorneys at Law
33 White Allen Avenue
Dayton, Ohio 45405
Phone: (937) 813-3003

Fax: (937) 200-7285
Jacob.Davis@nallslaw.com
Attorney for Plaintiffs, Fair Housing Opportunities of
Northwest Ohio, Inc., and Lisa Frazier


*/s/ Rachael Fortlage*

_____
Rachael Fortlage (#0101694)
George Thomas (#0083354)
The Fair Housing Center
326 N. Erie Street
Toledo, Ohio 43604
Phone: (419) 243-6163
Email: rfortlage@toledofhc.org
Email: gthomas@toledofhc.org
Attorney for Plaintiffs, Fair Housing Opportunities
of Northwest Ohio, Inc., and Lisa Frazier

**EXHIBIT 1**

**Medical Documentation for Reasonable Accommodation**

III-G



**✚ MERCYHEALTH**

Mercy Health Renaissance Place Family Practice
5965 RENAISSANCE PL
BLDG 3
TOLEDO OH 43623
Phone: 419-885-0900
Fax: 419-824-6447

Ashley Waddell, APRN - CNP

August 11, 2021

To Whom It May Concern:

It is my medical opinion that Lisa Frazier should be released from her current lease as she has a diagnosis of COPD. Lisa has explained that it is difficult to breath in her apartment due to the odor. In addition to her breathing concerns Lisa also has other medical conditions that resulted in her inability to live alone. If you have any questions please call the office at the number provided above.

Sincerely,

Ashley Waddell, APRN - CNP

**EXHIBIT 2**

**Ohio Civil Rights Commission Findings**



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners:  Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

**July 21, 2022**                                   **Date Mailed: July 21, 2022**

Lisa Frazier                                        Beal Properties LLC
2210 Stirrup Lane, Apt. K4                          c/o Stewart Beal, CEO
Toledo, OH  43613                                   2800 W. Central Avenue, Suite A
lil.missyann@gmail.com                              Toledo, OH  43606

### LETTER OF DETERMINATION
Lisa Frazier v. Beal Properties LLC; Tetherwood Place, LLC;
Mariah Hopings, Assistant Property Manager
TOLH2(41148)10022021/05-22-4008-8

**FINDINGS OF FACT:**
On October 2, 2021, Charging Party, Lisa Frazier, filed an affidavit with the Ohio Civil Rights Commission alleging that Respondent(s), Beal Properties LLC; Tetherwood Place, LLC; Mariah Hopings, Assistant Property Manager, (hereinafter referred to as the "Respondent"), discriminated by denying her a reasonable accommodation due to her disability. All jurisdictional requirements for filing a charge have been met. The subject property is a multi-family apartment complex with 42 units.

Charging Party is disabled and has lived at the subject property for nine months. Charging Party states that there is a foul odor in her unit that smells like sewage which has been present since she moved in. Charging Party states that she brought this to the attention of Respondent's management when she moved in, and they agreed to clean and remove the odor, but have not done so. Respondent has only provided air fresheners that do not cover or remove the foul odor. Charging Party states that the foul odor is exacerbating the symptoms of her physical disabilities and is causing her to have breathing issues. Charging Party states that her doctor recommended that she move from that unit and wrote her a letter to support her reasonable accommodation request to be able to move and break the lease without penalties or fees. Respondent's Assistant Property Manager, Mariah Hopings, has told Charging Party that she could move, but Respondent will not release her from the lease and Charging Party will remain financially responsible for the remainder of her lease. Charging Party believes Respondent has discriminated against her in denying her accommodation request for her disability.

Respondent denies Charging Party's allegations. Respondent states that the carpet and pad in Charging Party's unit had been replaced two months prior to her move-in. Respondent states that when Charging Party brought the issue of the odor to Respondent's attention, they treated the carpet with deodorizer. Respondent states that all residents are responsible for the unit from the start of their lease agreement through the lease expiration. Respondent states that they do not offer lease break options, but instead do allow residents to sublease their unit if they need to move for any reason.

Lisa Frazier v. Beal Properties LLC; Tetherwood Place, LLC; Mariah Hopings, Assistant Property Manager
TOLH2(41148)10022021/05-22-4008-8
Page 2

Respondent states that they offer to do the work for the resident and find a new renter or allow the resident to advertise and find someone on their own to rent their unit through the end of their lease term. Respondent states that they also provide residents with tips to successfully sublease their units such as where to advertise/post their unit.

Information shows that Charging Party entered into a one-year lease agreement with Respondent on December 17, 2020. The lease term was from December 21, 2020, to December 25, 2021. Information shows that on July 13, 2021, Charging Party emailed Cherie Mingione, Property Manager, and requested to be released from her lease early for medical reasons, and provided documentation from her medical provider. Ms. Mingione responded that Respondent does not allow people out of their leases early, but that Charging Party could sublease her unit. As explained to Charging Party by Ms. Mingione, Charging Party would still be responsible for the lease until it expired, however if Charging Party found an approved applicant for Respondent, there would be a $100.00 fee, and if Charging Party wanted Respondent to find an approved applicant, there would be a $500.00 fee. Charging Party again wrote to Ms. Mingione and stated that she could not live in the apartment due to medical reasons and the odor. Charging Party referenced Respondent's earlier efforts of providing air fresheners but noted that the odor remained.

On July 14, 2021, Ms. Mingione emailed Charging Party reiterating Respondent's lack of a lease break option and the option for Charging Party to sublease the unit. Ms. Mingione also recommended that Charging Party enter any service issues into Respondent's maintenance portal. Information shows Charging Party entered a maintenance request that day for the odor, and it was assigned to Respondent's maintenance personnel. Maintenance records show that a maintenance technician "left damps" in Charging Party's unit on July 15, 2021. On July 19, 2021, the maintenance technician rechecked Charging Party's unit and noted that there was "no change at all. Still smells of something not damp tho. Maybe cigarette smoke smell." The maintenance technician treated the carpet with deodorizer/odor remover on July 21, 2021, and noted: "Smells like dog. Padding may need to be replaced." While Respondent states that the carpet and padding were replaced two months before Charging Party moved into the unit, the invoice provided by Respondent notes that the carpet was "installed over pad".

On July 29, 2021, Charging Party emailed Ms. Mingione and stated that the odor was still present and reiterated her request to be let out of her lease agreement due to medical reasons. Charging Party again emailed Ms. Mingione on August 2, 2021, and informed her that she had already moved out of the subject property because of medical reasons and the odor. While Charging Party also stated that she was giving notice that August 3, 2021, would be her last rental payment to Respondent, information shows she paid the monthly rental payments through the end of her lease. Ms. Mingione responded to the email stating that Respondent does not allow tenants to break their leases, and asked Charging Party to let maintenance know what else needs to be taken care of in her unit.

Information shows that Respondent took no further action on the odor issue in Charging Party's unit until September 20, 2021, when Charging Party informed Mariah Hopings, Assistant Property Manager, that the odor still existed. Information shows Respondent scheduled a contractor to clean the carpet in Charging Party's unit on September 21, 2021. The contractor reported back to Respondent on September 22, 2021, that the odor had been removed and the carpet was salvageable and does not need to be replaced.

Lisa Frazier v. Beal Properties LLC; Tetherwood Place, LLC; Mariah Hopings, Assistant Property Manager
TOLH2(41148)10022021/05-22-4008-8
Page 3

Information shows that Respondent does not have any written policies or procedures for receiving and processing disability accommodation requests from tenants. Information shows that all accommodation requests received by Ms. Mingione are forwarded to Respondent's Regional Manager, Geoff Van't Hof, who is the final decision-maker with regard to whether the request is approved or not.

Mr. Van't Hof stated that Respondent does not keep track of accommodation requests that are received and that there is no way to search for them in Respondent's records. Mr. Van't Hof could not provide the Commission with information about any specific accommodation requests that were received within the previous year, and whether they were approved or denied. Further, Mr. Van't Hof stated that he did not view Charging Party's request to be let out of her lease early as a request for an accommodation for a disability, but rather due to the fact that Charging Party had issues with her carpet. Mr. Van't Hof stated that Respondent found no issues with Charging Party's carpet, but still provided carpet cleaning to satisfy Charging Party.

The Commission's investigation shows that Respondent failed to explore or modify their current policy of not allowing tenants to end their leases early or engage in the interactive process upon Charging Party's accommodation request. Information shows that Respondent did not view or treat Charging Party's request as an accommodation based on her disability despite Charging Party citing medical reasons. Charging Party also provided documentation from a medical professional on more than one occasion. Respondent could have replaced the padding under the carpet or released Charging Party from her lease agreement without penalty. Respondent has not successfully shown that Charging Party made an unreasonable request, or that a hardship would have resulted to Respondent in granting Charging Party's accommodation request with respect to releasing her from her lease early. The Commission's investigation shows Charging Party requested a reasonable accommodation and Respondent refused and penalized Charging Party instead of providing an accommodation.

**DECISION:**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the Commission invites you to participate in conciliation by informal methods of conference, conciliation and persuasion. Enclosed is a draft Conciliation Agreement and Consent Order for your consideration. Sue Sekel has been assigned as Conciliator and can be reached by telephone at 419-245-2993 or by email at sue.sekel@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process**. If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the case will be scheduled for a public hearing.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:**
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of this determination of the Commission. The application must be in writing and state specifically the grounds upon which it is based. If you wish to appear before the Commissioners to present oral arguments supporting your request, you must specifically make a request to appear in writing.

Lisa Frazier v. Beal Properties LLC; Tetherwood Place, LLC; Mariah Hopings, Assistant Property Manager
TOLH2(41148)10022021/05-22-4008-8
Page 4

This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. Any application for reconsideration or additional materials received by the Compliance Department in the Commission's Columbus Central Office after the ten-day period has expired will be deemed untimely filed. Extensions of this ten-day filing period are not permitted.

**\*\*Please note, conciliation efforts do not toll the applicable time period for submitting a Request for Reconsideration. See, Ohio Administrative Code § 4112-3-04.**

FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director
IFL/mse

Enclosure: Draft Conciliation Agreement and Consent Order

**Additional Respondents:**
Tetherwood Place, LLC
c/o Nathan Lewis, Authorized Representative
301 W. Michigan Avenue, Suite 411
Ypsilanti, MI  48197

**Additional Respondents:**
Mariah Hopings
Former Assistant Property Manager
1627 S. Cove Boulevard, Upper
Toledo, OH  43606

cc:  Tetherwood Place, LLC
c/o Kevin Saunders – Brennan Manna &
Diamond LLC, Statutory Agent
200 Public Square, Suite 3270
Cleveland, OH  44114

Beal Properties LLC
c/o Douglas Wilkins, Statutory Agent
1822 Cherry Street
Toledo, OH  43608

**Representative for Charging Party:**
Christina M. Rodriguez, Esq.
Staff Attorney
The Fair Housing Center
326 N. Erie Street
Toledo, OH  43604
christinar@toledofhc.org

**Representative for Respondent:**
Cherie Mingione, Property Manager
Beal Properties LLC
2800 W. Central Avenue, Suite A
Toledo, OH  43606
cherie@gobeal.com



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners:  Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

**July 21, 2022**                                                    **Date Mailed: July 21, 2022**

The Fair Housing Center                             Beal Properties LLC
c/o George Thomas, Esq.                           c/o Stewart Beal, CEO
Vice President and General Counsel          2800 W. Central Avenue, Suite A
326 N. Erie Street                                        Toledo, OH  43606
Toledo, OH  43604
gthomas@toledofhc.org

## LETTER OF DETERMINATION
The Fair Housing Center v. Tetherwood Place, LLC; Beal Properties LLC;
Mariah Hopings, Assistant Property Manager
TOLH2(41149)10022021 AMENDED/05-22-4009-8

**FINDINGS OF FACT:**
On October 2, 2021, Charging Party, The Fair Housing Center, filed an affidavit with the Ohio Civil Rights Commission alleging that Respondent(s), Tetherwood Place, LLC; Beal Properties LLC; Mariah Hopings, Assistant Property Manager, (hereinafter referred to as the "Respondent"), discriminated by impeding their mission of eliminating discriminatory practices and expanding equal opportunities related to fair housing practices. Charging Party alleges that Respondent has subjected their client, Lisa Frazier, to discriminatory terms and conditions of rental (denial of reasonable accommodation) due to her disability. All jurisdictional requirements for filing a charge have been met. The subject property is a multi-family apartment complex with 42 units.

Charging Party is a nonprofit civil rights agency that promotes housing choice, the creation of inclusive communities of opportunity, and the protection and expansion of fair housing rights to support strong communities free from housing discrimination. Charging Party's client, Lisa Frazier, is disabled and has lived at the subject property for nine months. Charging Party states that there is a foul odor in Ms. Frazier's unit that smells like sewage and has been present since she moved in. Charging Party states that Ms. Frazier brought this to the attention of Respondent's management when she moved in, and Respondent agreed to clean and remove the odor, but have not done so. Respondent has only provided air fresheners that do not cover or remove the foul odor.

Charging Party states that the foul odor is exacerbating the symptoms of Ms. Frazier's physical disabilities and is causing her to have breathing issues. Charging Party states that Ms. Frazier's doctor recommended that she move from that unit and wrote her a letter to support her reasonable accommodation request to be able to move and break the lease without penalties or fees. Charging Party states that they assisted Ms. Frazier with submitting the accommodation request to Respondent. On or about September 7, 2021, Respondent's Assistant Property Manager, Mariah Hopings, told Ms. Frazier that she could move, but Respondent will not release her from the lease and Ms. Frazier will remain financially responsible for the remainder of the lease.

The Fair Housing Center v. Tetherwood Place, LLC; Beal Properties LLC; Mariah Hopings, Assistant Property Manager
TOLH2(41149)10022021 AMENDED/05-22-4009-8
Page 2

Charging Party believes Respondent has discriminated against Ms. Frazier in denying her accommodation request for her disability. Charging Party states that Respondent's actions have impeded Charging Party's mission and Charging Party has had to divert resources from other investigations to counteract the discriminatory effects of Respondent's actions.

Respondent denies Charging Party's allegations. Respondent states that the carpet and pad in Ms. Frazier's unit had been replaced two months prior to her move-in. Respondent states that when Ms. Frazier brought the issue of the odor to Respondent's attention, they treated the carpet with deodorizer. Respondent states that all residents are responsible for the unit from the start of their lease agreement through the lease expiration. Respondent states that they do not offer lease break options, but instead do allow residents to sublease their unit if they need to move for any reason. Respondent states that they offer to do the work for the resident and find a new renter or allow the resident to advertise and find someone on their own to rent their unit through the end of their lease term. Respondent states that they also provide residents with tips to successfully sublease their units such as where to advertise/post their unit.

Information shows that Ms. Frazier entered into a one-year lease agreement with Respondent on December 17, 2020. The lease term was from December 21, 2020, to December 25, 2021. Information shows that on July 13, 2021, Ms. Frazier emailed Cherie Mingione, Property Manager, and requested to be released from her lease early for medical reasons and provided documentation from her medical provider. Ms. Mingione responded that Respondent does not allow people out of their leases early, but that Ms. Frazier could sublease her unit. As explained to Ms. Frazier by Ms. Mingione, Ms. Frazier would still be responsible for the lease until it expired, however if she found an approved applicant for Respondent, there would be a $100.00 fee, and if she wanted Respondent to find an approved applicant, there would be a $500.00 fee. Ms. Frazier again wrote to Ms. Mingione and stated that she could not live in the apartment due to medical reasons and the odor. Ms. Frazier referenced Respondent's earlier efforts of providing air fresheners but noted that the odor remained.

On July 14, 2021, Ms. Mingione emailed Ms. Frazier reiterating Respondent's lack of a lease break option and the option for Ms. Frazier to sublease the unit. Ms. Mingione also recommended that Ms. Frazier enter any service issues into Respondent's maintenance portal. Information shows Ms. Frazier entered a maintenance request that day for the odor, and it was assigned to Respondent's maintenance personnel. Maintenance records show that a maintenance technician "left damps" in Ms. Frazier's unit on July 15, 2021. On July 19, 2021, the maintenance technician rechecked Ms. Frazier's unit and noted that there was "no change at all. Still smells of something not damp tho. Maybe cigarette smoke smell." The maintenance technician treated the carpet with deodorizer/odor remover on July 21, 2021, and noted: "Smells like dog. Padding may need to be replaced." While Respondent states that the carpet and padding were replaced two months before Ms. Frazier moved into the unit, the invoice provided by Respondent notes that the carpet was "installed over pad".

On July 29, 2021, Ms. Frazier emailed Ms. Mingione and stated that the odor was still present and reiterated her request to be let out of her lease agreement due to medical reasons. Ms. Frazier again emailed Ms. Mingione on August 2, 2021, and informed her that she had already moved out of the subject property because of medical reasons and the odor. While Ms. Frazier also stated that she was giving notice that August 3, 2021, would be her last rental payment to Respondent, information shows she paid the monthly rental payments through the end of her lease.

The Fair Housing Center v. Tetherwood Place, LLC; Beal Properties LLC; Mariah Hopings, Assistant Property Manager
TOLH2(41149)10022021 AMENDED/05-22-4009-8
Page 3

Ms. Mingione responded to the email stating that Respondent does not allow tenants to break their leases, and asked Ms. Frazier to let maintenance know what else needs to be taken care of in her unit.

Information shows that Respondent took no further action on the odor issue in Ms. Frazier's unit until September 20, 2021, when Ms. Frazier informed Mariah Hopings, Assistant Property Manager, that the odor still existed. Information shows Respondent scheduled a contractor to clean the carpet in Ms. Frazier's unit on September 21, 2021. The contractor reported back to Respondent on September 22, 2021, that the odor had been removed and the carpet was salvageable and does not need to be replaced.

Information shows that Respondent does not have any written policies or procedures for receiving and processing disability accommodation requests from tenants. Information shows that all accommodation requests received by Ms. Mingione are forwarded to Respondent's Regional Manager, Geoff Van't Hof, who is the final decision-maker with regard to whether the request is approved or not.

Mr. Van't Hof stated that Respondent does not keep track of accommodation requests that are received and that there is no way to search for them in Respondent's records. Mr. Van't Hof could not provide the Commission with information about any specific accommodation requests that were received within the previous year, and whether they were approved or denied. Further, Mr. Van't Hof stated that he did not view Ms. Frazier's request to be let out of her lease early as a request for an accommodation for a disability, but rather due to the fact that Ms. Frazier had issues with her carpet. Mr. Van't Hof stated that Respondent found no issues with Ms. Frazier's carpet, but still provided carpet cleaning to satisfy Ms. Frazier.

The Commission's investigation shows that Respondent failed to explore or modify their current policy of not allowing tenants to end their leases early or engage in the interactive process upon Ms. Frazier's accommodation request. Information shows that Respondent did not view or treat Ms. Frazier's request as an accommodation based on her disability despite Ms. Frazier citing medical reasons. Ms. Frazier also provided documentation from a medical professional on more than one occasion. Respondent has not successfully shown that Ms. Frazier made an unreasonable request, or that a hardship would have resulted to Respondent in granting Ms. Frazier's accommodation request with respect to releasing her from her lease early. The Commission's investigation shows Ms. Frazier requested a reasonable accommodation and Respondent refused and penalized Ms. Frazier instead of providing an accommodation.

Information shows that during the time period of August 10, 2021, to May 2, 2022, Charging Party expended 9.25 hours assisting Ms. Frazier with her accommodation request denial and filing a charge with the Ohio Civil Rights Commission.

Information shows that as a result of Respondent's discriminatory conduct, Charging Party has suffered damages, including inconvenience, economic loss through diversion of its resources, and frustration of its mission to promote equal housing opportunities. Charging Party was forced to divert some of its resources away from other fair housing activities to address Respondent's discriminatory conduct.

The Fair Housing Center v. Tetherwood Place, LLC; Beal Properties LLC; Mariah Hopings, Assistant
Property Manager
TOLH2(41149)10022021 AMENDED/05-22-4009-8
Page 4

**DECISION:**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an
unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the
Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the
Commission invites you to participate in conciliation by informal methods of conference, conciliation and
persuasion. Enclosed is a draft Conciliation Agreement and Consent Order for your consideration.
Sue Sekel has been assigned as Conciliator and can be reached by telephone at 419-245-2993 or by email
at sue.sekel@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process**. If the
Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the case
will be scheduled for a public hearing.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:**
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of this
determination of the Commission. The application must be in writing and state specifically the grounds
upon which it is based. If you wish to appear before the Commissioners to present oral arguments
supporting your request, you must specifically make a request to appear in writing.

This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad
Street, 5th Floor, Columbus, Ohio 43215. You must submit the request for reconsideration, along with all
additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this
notice. Any application for reconsideration or additional materials received by the Compliance
Department in the Commission's Columbus Central Office after the ten-day period has expired will be
deemed untimely filed. Extensions of this ten-day filing period are not permitted.

*\*\*Please note, conciliation efforts do not toll the applicable time period for submitting a Request for
Reconsideration. See, Ohio Administrative Code § 4112-3-04.*


FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director
IFL/mse


Enclosure: Draft Conciliation Agreement and Consent Order

The Fair Housing Center v. Tetherwood Place, LLC; Beal Properties LLC; Mariah Hopings, Assistant Property Manager
TOLH2(41149)10022021 AMENDED/05-22-4009-8
Page 5

**Additional Respondents:**
Tetherwood Place, LLC
c/o Nathan Lewis, Authorized Representative
301 W. Michigan Avenue, Suite 411
Ypsilanti, MI  48197

**Additional Respondents:**
Mariah Hopings
Former Assistant Property Manager
1627 S. Cove Boulevard, Upper
Toledo, OH  43606

cc:  Tetherwood Place, LLC
c/o Kevin Saunders – Brennan Manna &
Diamond LLC, Statutory Agent
200 Public Square, Suite 3270
Cleveland, OH  44114

Beal Properties LLC
c/o Douglas Wilkins, Statutory Agent
1822 Cherry Street
Toledo, OH  43608

**Representative for Charging Party:**
Christina M. Rodriguez, Esq.
Staff Attorney
The Fair Housing Center
326 N. Erie Street
Toledo, OH  43604
christinar@toledofhc.org

**Representative for Respondent:**
Cherie Mingione, Property Manager
Beal Properties LLC
2800 W. Central Avenue, Suite A
Toledo, OH  43606
cherie@gobeal.com